# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ENOCH L. BOLDEN, JR.,            )
                                 )
            Petitioner,           )
                                 )
       v.                        )     No. 4:05-CV-1425 CAS
                                 )
JAMES PURKETT,                   )
                                 )
            Respondent.          )

## ORDER

This matter is before the Court upon the application of Enoch L. Bolden, Jr. for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 [Doc. #1]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis.

## The petition

According to the petition, on July 9, 1982, petitioner pleaded guilty in state court to one count of possessing a machine gun. Petitioner further states that he was sentenced to three years probation for this offense. There is no indication that petitioner sought either direct or collateral review of his conviction and sentence. In the instant petition, petitioner claims that his machine gun conviction and sentence are unconstitutional because it violated his right to be protected against double jeopardy.

## Discussion

Title 28 U.S.C. § 2244(d)(1) now provides that a one-year period of limitations applies to an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). As relevant to this case, the limitation period runs from the date petitioner's judgment became final by conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1). Under state law, petitioner's judgment became final for purposes of direct appeal when judgment and sentence were entered - which appears from the petition to be July 9, 1982. See Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. 1979). Petitioner had ten days after the judgment became final to file a notice of appeal. Mo. R. Crim. P. 30.01(d). Thus, petitioner's judgment became final, for purposes of the one-year limitation, on or about July 19, 1982.

Because petitioner's conviction became final prior to the enactment of the one-year period of limitations, petitioner had a one-year grace period--until April 24, 1997--to file a § 2254 action in federal court. See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999); Moore v. United States, 173 F.3d 1131 (8th Cir. 1999). The instant § 2254 petition, however, was not filed until September 6, 2005--over eight years after the expiration of the one-year grace period. Consequently, the instant § 2254 petition is time-barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk receive and file the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prepayment of the required filing fee. 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the petition is time barred.

An appropriate order shall accompany this memorandum and order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this \_\_27th\_\_ day of October, 2005.